Wright, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted of an assault and battery, and has appealed to this Court.
Upon the trial in the Circuit Court, he offered to prove that Alexander Sevier, the prosecutor, upon whom the assault had been made, was an overbearing and tyrannical man, that his revenge could not be conciliated, and no lapse of time could efface it; that he was continually in the habit of going armed; that he was not only a dangerous man, but almost without an *244 ■equal as a desperado and bully; that he was then and had been, for years, a terror to the peaceable inhabitants of the town of Grreeneville; that he ha.d knocked men down with bludgeons; had thrown and struck them with bricks, and stabbed them with knives, when they did not know that he was present; that he had no regard for law or punishment, and was often confined in jail; and that many of the citizens of G-reeneville, who were not able to defend themselves from his attacks, had suffered from his violence. It was also offered •to be proved, that the plaintiff in error knew all these things; and the object of the evidence was stated to be, that the jury might judge of the circumstances under which the defendant was placed, and whether or not he was in danger, and had good reason to believe he was in danger of great bodily harm; and to be taken with the other facts in the case, in ascertaining whether, or not, the defendant acted in self-defence. But the Circuit Judge rejected this evidence. In this we think there was no error.
In an indictment for an assault and battery, the character of the prosecutor, can, as we apprehend, never be made a matter of controversy, exeept when involved in the res gestee / since the fact that he may be an overbearing, tyrannical and dangerous man, in the habit of assaulting others, furnishes no legal excuse to the defendant to assault him. The defendant may prove that he was acting in self-defence; or, he may exhibit whatever provocations were given to him by the prosecutor; but he cannot set up general reputation, or the conduct of the prosecutor towards others, as a defence. When, however, it is shown that the defendant was under reasonable fear of his life, or great bodily harm, from the prosecutor, the prosecutor’s temper, in connexion with previous threats, &c., is sufficiently part of the res gestos, to go in evidence as explanatory of the state of defence in which the defendant placed himself. Wharton’s Am. Cr. Law, 234-5; State v. Tilly, 3 Ird. R.,, 424; Wright v. The State, 9 Yer., 342.
The defendant had the benefit of the proof of the prosecu'tor’s threats, and if ho had confined his proposition to evi *245 dence of his temper merely, it seems, from the foregoing authorities, the proof would have been relevant and admissible. But this he did not do ; hut extended his proposition far beyond this, into an inquiry as to the numerous assaults he had made upon others. This admixture of illegal matter put his entire proposition at fault, and justified the Circuit Judge in its rejection altogether.
Affirm the judgment.